## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Lawrence Rice, individually and on behalf of all others similarly situated, | 1:21-cv-03814 |
| Plaintiff, | Hon. Judge Gary Feinerman |
| - against - | Initial Status Report |
| Dreyer's Grand Ice Cream, Inc., | |
| Defendant | |

The parties, Plaintiff Lawrence Rice and Defendant Dreyer's Grand Ice Cream, Inc. ("Dreyer's), through their undersigned counsel, submit this initial status report.

**A.** **Nature of the Case**

1. Attorneys of record, and lead trial counsel, for each party.

   <u>Plaintiff's Attorneys</u>
   Spencer Sheehan, Esq. – Lead Counsel

   <u>Defendant's Attorneys</u>
   Dale J. Giali – Lead Counsel
   Keri E. Borders – Counsel
   C. Mitchell Hendy – Counsel

2. Basis for federal jurisdiction.

   This Court has jurisdiction over the claims and defenses of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") because members of the proposed classes are citizens of states different from Defendant and the aggregate amount in controversy exceeds Five Million Dollars exclusive of interest and costs.

3. Nature of the claim(s) and any counterclaims(s), including the amount of damages and other relief sought.

   Plaintiff's complaint contains causes of action for: (1) consumer fraud under the Illinois Consumer Fraud Act ("ICFA"); (2) breach of express warranty, breach of implied warranty and violation of Magnusson-Moss; (3) negligent misrepresentation; (4) common law fraud; and (5) unjust enrichment. As alleged in the Complaint, this is an action brought against Defendant for alleged violation of the consumer protection laws of this state for Defendant's allegedly false, deceptive, and unlawful marketing and sales of its chocolate covered vanilla ice cream bars ("Product"). Specifically, that its key ingredient chocolate is misleading in quantity and quality. Plaintiff seeks preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law; injunctive relief to remove, correct and/or

refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws; awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims; awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and other and further relief as the Court deems just and proper.

4. Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.

On November 8, 2021, Dreyer's moved to dismiss the complaint with prejudice.

5. Principal legal and factual issues.

From Plaintiff's perspective, the numerous issues of fact Defendant raises preclude dismissal. The Complaint plausibly alleges Defendant's representations violate the consumer protection laws of this state.

- Defendants misrepresented their ice cream bars purporting to be "dipped in rich milk chocolate," presented with chunks of chocolate under the Häagen- Dazs brand ("Product") as the chocolate chunks are made with vegetable oil.
- Defendants had actual knowledge of their ice cream bar's composition and thus pre-suit notice does not apply.
- Consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of the ice cream bars.
- The ice cream bars is sold for a price premium compared to other similar products, no less than $6.59 per three bar pack, higher than it would otherwise be sold for, absent the misleading representations and omissions.
- Plaintiff suffered damages when it relied on Defendants' misrepresentations and purchased a product at a higher cost.
- Defendants' fraudulent intent is further evinced by its knowledge that the ice cream bars was not consistent with its representations.
- Pursuant to Fed. R. Civ. P. 23, Plaintiff satisfies the requirements for Class Action suit as common questions of law or fact predominate; the class will consist of all Illinois residents who purchased the Product during the statute of limitations for each cause of action alleged; Plaintiff's claims and basis for relief are typical to other members; Plaintiff is an adequate representative; no individual inquiry is necessary since the focus is only on Defendants' practices and the class is definable and ascertainable; individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.
- From Plaintiff's perspective, the following legal issues exist: (1) Plaintiff is not seeking to privately enforce any regulations as the misleading representations and omissions regarding the content of the ice cream bars were made to Plaintiff and consumers; (2) Plaintiff's claims are not precluded by the Illinois Safe Harbor doctrine as Defendants' nutrition labels do not comply with FDA regulations in avoiding misleading and deceptive representations; (3) Plaintiff establishes plausible claims for relief based on Defendants' deceptive labels; (4) Plaintiff has standing to pursue injunctive relief as

2

Defendants' practices continue; (5) Plaintiff's express and implied warranty claims are viable as Defendants received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices; (6) Magnuson-Moss Warranty Act Claim is viable as Plaintiff adequately alleges breaches of Express and Implied warranties; (7) Negligent Misrepresentation is not barred by the economic rule as Defendants breach their duty owed to Plaintiff, independent of any contractual obligation or warranty, and thus establishing an exception to the rule. In addition, Plaintiffs placed their trust and confidence on Defendants, establishing a special relationship; (8) Plaintiff's allegations exceed the particularity requirements for Plaintiff's fraud claims; and (9) Unjust Enrichment claim is viable as Plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency.

Defendant's Position.

As explained in Dreyer's pending motion to dismiss (ECF No. 17), Plaintiff's theory of deception hinges on how he chooses to define "chocolate ingredients" and "chocolate substitutes." His preferred definition for purposes of litigation comes from FDA ingredient-naming regulations under the Food Drug and Cosmetic Act (FDCA). Plaintiff expressly and repeatedly defines chocolate based on those regulations. Compl. ¶¶ 12, 55. In Plaintiff's view, those regulations demand that if an ice cream bar coating contains both milk chocolate and oil, a manufacturer must—each time the chocolate is mentioned on the label—reference the presence of oil. However, the FDA regulations expressly allow oil to be used in an ice cream bar's chocolate coating provided that the ingredient statement—where each ingredient is named in full—identifies the presence of the oil. *See* 21 C.F.R. § 163.155. Adding oil to the ice cream bar's chocolate coating does not make the chocolate component any less chocolate regardless whether the presence of the oil in the coating is declared each and every time chocolate is mentioned on the label.

Dreyer's strongly disagrees that common questions of law or fact predominate over individual questions and Dreyer's will oppose any motion seeking such certification.

At bottom, Dreyer's contends that Plaintiff's claims are deficient in several respects, including that the IFCA claim is expressly and impliedly preempted by federal law; the ice cream bar's label is entirely true, and no reasonable consumer could be deceived; Plaintiff cannot seek injunctive relief; and Plaintiff's allegations are otherwise deficient.

6. Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.

Dreyer's was served.

## B. Proceedings to Date

1. Summary of all substantive rulings (including discovery rulings) to date.

There have not been any substantive rulings.

2. Description of all pending motions, including date of filing and briefing schedule.

Dreyer's filed a motion to dismiss on November 8, 2021. Plaintiff's response is due December 6, 2021, and Dreyer's reply is due December 20, 2021. ECF Nos. 17, 19.

## C. **Discovery and Case Plan**

Defendant's Position.

Dreyer's believe discovery is premature pending resolution of Dreyer's motion to dismiss in this action attacking the entire complaint and each cause of action therein. ECF No. 17. Courts can and do often resolve motions to dismiss in food false-labeling actions relatively quickly, and Dreyer's motion to dismiss does not raise any inordinately difficult questions. Dreyer's believes that the motion to dismiss has a significant chance of disposing some or all of Plaintiff's claims, and the parties should not incur the cost and expense of discovery (including initial disclosures) until the pleadings are settled.

As explained in Dreyer's pending motion to dismiss (ECF No. 17), this is the fourth time that plaintiff's counsel, Spencer Sheehan, has sued Dreyer's alleging the same deception theory. Mr. Sheehan filed two cases in the Southern District of New York, and three weeks before filing the instant suit, he filed another copycat in the Southern District of Illinois. *See Sencen v. Dreyer's Grand Ice Cream, Inc*., No. 7:20cv4024 (S.D.N.Y. filed May 24, 2020); *Yu v. Dreyer's Grand Ice Cream, Inc*., No. 1:20cv8512 (S.D.N.Y. filed Oct. 13, 2020); *Zurliene v. Dreyer's Grand Ice Cream, Inc*., No. 3:21cv747 (S.D. Ill. filed June 28, 2021). The motion to dismiss the nearly identical suit brought by plaintiff's counsel in *Yu* is fully briefed, under submission and pending decision since June 16, 2021. *See Yu*, ECF Nos. 23-26. Moreover, after a motion to dismiss was fully briefed, Mr. Sheehan voluntarily dismissed *Sencen*. A summary of Mr. Sheehan's history of dismissing and re-filing the same case before different judges can be found at *Sencen*, No. 7:20cv4024 (S.D.N.Y.), ECF No. 27, and at *Kamara v. Pepperidge Farm, Inc*., No. 1:20cv9012 (S.D.N.Y.), ECF No. 32. Finally, under similar circumstances in *Kamara* and against the same plaintiff's counsel here, where motions to dismiss had been briefed, the Court deferred discovery pending an order on defendant's motion to dismiss. *Kamara,* Minute Entry on May 6, 2021.

Thus, in the interests of judicial economy, Dreyer's contends that it is appropriate to defer discovery and other litigation activities in this action until Dreyer's motion to dismiss in this action is considered and decided and until the pleadings are settled in this action. Accordingly, Dreyer's request a continuance of the initial status hearing to a date following the Court's consideration and ruling on Dreyer's motion to dismiss.

1. Summary of all discovery, formal and informal, that has already occurred.

Neither party has served any formal discovery.

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

    The parties have reviewed ESI Guidelines regarding ESI. Dreyer's believes discovery is premature until after the pleadings have been settled.

3. Plaintiff's scheduling order.

    a. Rule 26 (a)(1) disclosures shall be served by December 13, 2021.
    b. First set of written discovery requests shall be served by January 7, 2022.
    c. Fact discovery to be completed by July 7, 2022
    d. Parties decline proceeding in phases.
    e. Parties anticipate expert discovery. Deadlines for Rule 26 (a)(2) disclosures and expert depositions to be set later.
    f. Amending the pleadings shall be completed by January 5, 2022.
    g. Dispositive motions to be served by August 7, 202

<u>Defendant's Position</u>. As detailed above, Dreyer's believes discovery is premature pending resolution of Dreyer's motion to dismiss.

4. Whether there has been a jury demand.

    Plaintiff has demanded a jury trial on all matters.

5. Estimated length of trial.

    The parties believe it is premature to estimate the length of the trial at this time.

D. **Settlement**

1. Describe settlement discussions to date and whether those discussions remain ongoing.

    The parties have not discussed settlement at this point.

2. Whether the parties request a settlement conference.

    The parties do not request a settlement conference at this time.

E. **Magistrate Judge**

1. Whether the parties consent to proceed before a magistrate judge for all purposes.

    The parties do not consent to proceed before a magistrate judge for all purposes.

2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.

    No matters have been referred to the magistrate judge at this time.

Dated:   November 15, 2021

Sheehan & Associates, P.C.                              Mayer Brown LLP

/s/Spencer Sheehan                                      /s/ Dale Giali
60 Cuttermill Rd Ste 409                               Dale J. Giali (*pro hac vice*)
Great Neck, NY 11021                                   Keri E. Borders (*pro hac vice*)
Tel: (516) 268-7080                                    C. Mitchell Hendy (*pro hac vice*)
*spencer@spencersheehan.com*                           *dgiali@mayerbrown.com*
                                                       *kborders@mayerbrown.com*
*Attorneys for Plaintiff*                              *mhendy@mayerbrown.com*
                                                       350 South Grand Avenue, 25th Floor
                                                       Los Angeles, CA 90071-1503
                                                       Tel: (213) 229-9500
                                                       Fax: (213) 576-8185

                                                       *Attorneys for Defendant*